## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BERT GASTON,

     Plaintiff,

v.                                                    Case No. 8:25-cv-3421-KKM-NHA

ALLSTATE
INSURANCE COMPANY,

     Defendant.

_____

## <u>ORDER</u>

Bert Gaston sues Allstate Insurance Company alleging that it breached his flood insurance policy by failing to pay for a covered loss. *See* Am. Compl. (Doc. 6). Allstate moves to dismiss the complaint as time barred, *see* MTD (Doc. 20), and to stay discovery, (Doc. 27). Gaston opposes dismissal. Resp. (Doc. 24). For the reasons below, I grant the motion to dismiss and deny as moot Allstate's motion to stay discovery.

## I.   BACKGROUND

Allstate Insurance Company is a Write-Your-Own (WYO) Program Carrier[1] offering flood insurance under the National Flood Insurance Act

---

[1] The Federal Emergency Management Agency (FEMA) created the WYO program in 1983 to allow private insurers to offer Standard Flood Insurance Policies through the National Flood Insurance Program (NFIP). *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 n.1 (11th Cir. 2000). "[A]ll claims and expenses [for these policies]

(NFIA). Am. Compl. ¶ 8. In 2024, Allstate issued a Standard Flood Insurance Policy (SFIP) for Gaston's property under Policy No. 5800055943. *Id.* ¶ 10; *see also* Policy Declarations (Doc. 20-1).

In October 2024, the property suffered "direct physical loss and resulting damage . . . covered under the Policy," as result of Hurricane Milton. Am. Compl. ¶¶ 12–13. Gaston reported the damage, but Allstate failed to pay for all of it. *Id.* ¶¶ 14–17.

On December 12, 2024, Allstate sent a "Claim Status" letter to Gaston communicating that it would not provide additional coverage for the personal property portion of his claim. *See* December 12 Letter (Doc. 20-2). Allstate sent a second letter on December 20, 2024, denying coverage for the portion of Gaston's claim related to damage to his kitchen. *See* December 20 Letter (Doc. 24-1). Gaston received three more denial letters between July and December 2025, each denying coverage of part of his damages. *See* 2025 Denial Letters (Doc. 24-2). All letters related to the same claim identification number.

On December 15, 2025, Gaston filed this suit for breach of contract. *See* Compl. (Doc. 1); Am. Compl. ¶ 4. Proceeding under the National Flood Insurance Act, he alleges that Allstate failed to fully pay for the covered loss. Am. Compl. ¶¶ 4, 18. Allstate moves to dismiss, *see* MTD, and provides copies

---

are paid out of the National Flood Insurance Fund in the U.S. Treasury." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003) (per curiam).

of the December 12 Letter, the Policy Declarations page, and a declaration of its Claim Service Leader, Jeremy Mates, (Doc. 20-3). Gaston responds in opposition. Resp. For the reasons below, I grant the motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282,

1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III.  ANALYSIS

Allstate moves to dismiss Gaston's claim as barred by the one-year statute of limitations provided in 42 U.S.C. § 4072. MTD at 7. According to Allstate, "because the complaint was not filed within one[]year of the [December 12, 2024] written denial of all or part of Plaintiff's claims, this action is time-barred . . . ." *Id.* at 10. Gaston argues in response that the first written denial of his claim was the December 20, 2024 letter and that the December 15, 2025 filing was therefore timely. Resp. at 5–6. I agree with Allstate that the December 12, 2024 letter triggered the statute of limitations and Gaston's claim is therefore time barred.

### A. Incorporation by Reference

At the outset, the parties debate which documents I may consider in resolving this motion. Allstate asks the Court to consider a December 12, 2024 letter and the declaration of its Claim Service Leader, Jeremy Mates. *See* MTD at 2. In responding to the motion, Gaston asserts that "th[is] Court cannot consider the disputed Declaration of Mr. Mates in deciding th[is] motion to dismiss," but nonetheless attaches for consideration several subsequent letters

4

from Allstate. Resp. at 4; *see* 2025 Denial Letters. I may consider the letters and Policy declarations page, but not the declaration of Mr. Mates, under the incorporation-by-reference doctrine.

Although "a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment," the "incorporation-by-reference doctrine" provides an exception. *Johnson v. Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). Under the doctrine, a court may consider a document attached to a motion to dismiss if the attached document is (1) "central to the plaintiff's claim" and (2) "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (permitting consideration of an attached written contract at the motion-to-dismiss stage). A dispute as to authenticity must be reasonable. *See Booth v. City of Roswell*, 754 F. App'x 834, 836 (11th Cir. 2018) (per curiam) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

First, I may consider the Policy given that the amended complaint expressly "incorporates [it] by reference." Am. Compl. ¶ 11. Second, Gaston "disputes the authenticity of Mr. Mates's Declaration in its entirety" because he "has had no opportunity to test [it] through discovery or cross-examination." Resp. at 3. Notwithstanding whether Gaston's dispute is reasonable, I need not credit the declaration because it offers only a conclusory legal judgment about the December 12, 2024 letter. *See* (Doc. 20-3) ¶ 10 ("The December 12, 2024

5

denial letter . . . triggered the one year statute of limitations."). Finally, I consider the alleged denial letters attached by the parties to the Motion to Dismiss and Response. *See* Policy Declarations; December 20 Letter; 2025 Denial Letters. The letters are central to Gaston's complaint because they concern "the denial he seeks to challenge." *Butler v. Hartford Ins. Co. of the Midwest*, No. 8:26-CV-745-VMC-NHA, 2026 WL 1529395, at \*2 (M.D. Fla. June 1, 2026) (citation modified). Gaston does not dispute the letters' authenticity. *See* Resp. The letters are therefore incorporated by reference into the complaint.

### B. Statute of Limitations

Although the statute of limitations is generally an affirmative defense, dismissal may be proper at this stage "where it is apparent from the face of the complaint that the claim is time barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation modified). Under Section 4072, the claimant in a flood-insurance dispute may bring an action "within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator." *See also* 44 C.F.R. § 62.22(a) (same). The limitations period begins with the first disallowance and is not tolled by subsequent denials or adjustments. *See Rotondo v. Wright Nat'l Flood Ins. Co.*, No. 8:26-CV-00618-WFJ-CPT, 2026 WL 1579887, at \*3 (M.D. Fla. June 3, 2026).

6

District courts in the Middle District of Florida have consistently held that a written denial letter from a WYO carrier is a proper disallowance that triggers the one-year statute of limitations. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) (collecting cases); *Zozo Invs. LLC v. First Cmty. Ins. Co.*, No. 25-12492, 2026 WL 1021517, at *2 (11th Cir. Apr. 15, 2026) (per curiam) (assuming without discussion that a WYO carrier qualifies as the Administrator when applying the statute of limitations to a breach of insurance contract claim). Thus, the question is whether—and when—Allstate first mailed a notice of disallowance.

Allstate attaches a December 12, 2024 letter informing Gaston of his "claim status" and argues that the letter was a written denial triggering the one-year limitations period. *See* MTD at 7; December 12 Letter. The letter states that Allstate was "unable to provide additional coverage on [the personal property] portion of [Gaston's] claim" and "trust[ed] that [Gaston] underst[oo]d the basis for this decision." December 12 Letter at 1. Gaston counters that the December 12 letter did not clearly deny his claim. Resp. at 5. In support, he provides subsequent denial letters from Allstate directly stating, "we have decided to deny coverage." *Id.* at 4–6; December 20 Letter at 1; *see also* 2025 Denial Letters at 1, 3, 6, 9, 11.

7

I agree with Allstate that the December 12 letter was a proper notice of disallowance because it was "sufficient to put [Gaston] on notice that a part of [his] claim ha[d] been disallowed." *4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *2 (M.D. Fla. Feb. 6, 2025) (citation modified). "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Id.* at *1. Although the December 12 letter does not use the word "deny," "the clear intent of [the] letter [was] to categorically reject part of [Gaston's] claim." *Caruso v. First Protective Ins. Co.*, No. 2:24-CV-615-SPC-KCD, 2025 WL 448953, at *2 (M.D. Fla. Feb. 10, 2025) (citation modified), *appeal dismissed*, No. 25-10526-CC, 2025 WL 2381697 (11th Cir. May 27, 2025). The December 12 letter explained that Allstate was "unable to provide additional coverage" for "the Personal Property portion of [Gaston's] flood claim" because "the limits of coverage ha[d] been paid." December 12 Letter at 1. Thus, irrespective of any other language that Gaston suggests was absent, the letter clearly communicated Allstate's categorical refusal to pay part of Gaston's claim. It therefore provided the notice of disallowance sufficient to trigger Section 4072's one-year suit limitation period.

Gaston's response emphasizes the comparative clarity of the other denial letters sent by Allstate and from other Middle District cases, which explicitly "deny coverage" and provide "Next Steps" to appeal to FEMA and file a suit. Resp. ¶¶ 12–15; *see also* December 20 Letter at 1; 2025 Denial Letters at 2.

Such language is indeed characteristic of SFIP denial letters. *See, e.g.*, *4922 Mgmt. LLC*, 2025 WL 417701, at *2 (concluding that a letter triggered Section 4072's limitations period where it gave reasons for the disallowance and attached information about the right to appeal); *Raulerson,* 2025 WL 1133767, at 4* ("[T]he partial denial letter unambiguously stated that ASIC was denying coverage . . . and advised Plaintiff of his rights, including to file a federal lawsuit . . . .").

But the fact that these features are common to denial letters does not make them necessary to provide the notice required by Section 4072. *See Koster LLC v. Hartford Ins. Co. of the Midwest*, No. 25-60993-CIV, __ F. Supp. 3d __, 2026 WL 413733, at *5 (S.D. Fla. Feb. 14, 2026) (rejecting as unavailing the plaintiff's argument that "a clear, unequivocal written denial that both explains the denial and informs the insured of their appeal rights" was required to trigger Section 4072's limitations period). The December 12 letter may not have been the most explicit notice of disallowance sent by Allstate, but it was the first. "[N]ot even the 'temptations of a hard case' should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.'" *Sanz*, 328 F.3d at 1318 (quoting *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 386 (1947)). Gaston was required by federal law and his policy to file his suit within one year of Allstate's mailing of the first notice of disallowance.

9

*See* Section 4072; 44 C.F.R. pt. 61, app. A(1), art. VII (O) (providing the Suit Limitation provision of the SFIP).

I disagree with Gaston that the letter's status as a denial letter raises "a factual issue that cannot be resolved on a motion to dismiss." Resp. at 6. Even construing all available inferences in Gaston's favor, I conclude that, in stating "we are unable to provide additional coverage on this portion of your claim," Allstate disallowed part of Gaston's claim. December 12 Letter at 1.

While Gaston asserts that the differences between the December 12 and December 20 Letters suggest that "Allstate did not *intend* for the December 12[] letter *to be construed* as denial," Resp. at 6 (emphasis added), Section 4072 does not contemplate Allstate's subjective intent. *See* 42 U.S.C. § 4072 (requiring only "mailing of notice of disallowance or partial disallowance" to trigger the one-year limitations period); *see also, e,g., Caruso*, 2025 WL 448953, at *2 (determining that a letter triggered Section 4072 because its contents were "sufficient to put [the] Plaintiffs on notice"); *cf. Koster,* 2026 WL 413733, at *4 (performing an objective inquiry to conclude that a letter "clearly put [the plaintiff] on notice that at least part of its claim had been denied"). Allstate's subsequent letters cannot vitiate the objective notice provided by the December 12 Letter when it was issued. *See Rotondo*, 2026 WL 1579887, at *4 ("Regardless of any subsequent denial by [the WYO insurer] . . ., the

10

limitations period was not waived, extended, or re-triggered by the subsequent, supplemental requests and the resulting denial letters." (citation modified)).

"The rules governing the National Flood Insurance Program are exacting, but they are known." *Agostino v. Monarch Nat'l Ins. Co.*, No. 2:24-CV-957-KCD-DNF, 2026 WL 668331, at *3 (M.D. Fla. Mar. 10, 2026). Having determined when Allstate first provided notice of disallowance, the remaining "math is simple and unforgiving." *See Potter-Martino v. Am. Bankers Ins. Co. of Fla.,* No. 8:26-CV-00508-WFJ-AEP, 2026 WL 982818, at *3 (M.D. Fla. Apr. 13, 2026). Gaston's complaint was untimely by three days. *See* December 12 Letter (issued December 12, 2024); Compl. (filed December 15, 2025). Accordingly, I dismiss the complaint with prejudice because amendment would be futile. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966–67 (11th Cir. 2019) (per curiam) (affirming dismissal with prejudice and without leave to amend where claims were time barred).

## IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 20) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED WITH PREJUDICE**.

3. Defendant's Motion to Stay Discovery (Doc. 27) is **DENIED as moot**.

4. The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed with prejudice," terminate any pending motions, hearings, and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 26, 2026.

Kathryn Kimball Mizelle
United States District Judge

12